# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JUNE ASH, WIDOW OF ROY D. ASH,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0607** (BOR Appeal No. 2055290)
                    (Claim No. 2017002170)

**GLASPELL LUMBER CO., INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner June Ash, widow of Roy D. Ash, by Counsel J. Thomas Greene Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Glaspell Lumber Co., Inc., by Counsel H. Toney Stroud, filed a timely response.

The issue on appeal is dependent's benefits. The claims administrator denied a request for dependent's benefits on December 17, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its April 20, 2020, Order. The Order was affirmed by the Board of Review on July 8, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in

1

the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Ash was a plant worker for forty-four years, during which time he was exposed to hazardous dust. An April 15, 2015, CT scan of the lungs showed findings suggestive of pulmonary fibrosis. There were no acute infiltrates or pulmonary fibrosis nodules.

The Occupational Pneumoconiosis Board ("OP Board") testified in a March 21, 2018, hearing. Johnsey Leef, M.D., testified on behalf of the Board that he reviewed the chest x-rays and diagnosed occupational pneumoconiosis. Jack Kinder, M.D., agreed with the diagnosis and opined that the East Ohio Regional pulmonary studies showed total impairment. Dr. Kinder stated that he was not sure why the OP Board previously found that Mr. Ash had 30% impairment attributable to occupational exposure and the remaining impairment was due to nonoccupational causes. Dr. Kinder testified that the OP Board reviewed Dr. Lenkey's report, in which he opined that Mr. Ash had 50% impairment due to asbestosis. Dr. Kinder stated that it was difficult to disagree with Dr. Lenkey's finding. He noted that Mr. Ash smoked two packs of cigarettes a day for twenty to thirty years. Dr. Kinder believed that there was enough disease process visible on Mr. Ash's chest x-rays to find 50% impairment attributable to occupational pneumoconiosis. However, Dr. Kinder stated that he felt uncomfortable making that recommendation in an initial evaluation without first reviewing a CT scan. Dr. Leef testified that he saw no evidence of pleural plaques or calcified plaques on x-rays. He stated that he was comfortable with 30% or 50% impairment, but he would like to review additional information before changing the OP Board's finding to 50% impairment.

A Death Certificate indicates Mr. Ash died on July 27, 2018. The primary cause of death was listed as nonalcoholic hepatic cirrhosis. An autopsy was not performed. The OP Board reviewed Mr. Ash's claim as a fatal claim on October 4, 2018. It found that Mr. Ash was seventy-one years old at the time of his death. He worked as a plant worker and had a history of significant dust exposure. The Board concluded, however, that occupational pneumoconiosis was not a material contributing factor in Mr. Ash's death. The OP Board noted that it reviewed chest x-rays and found nodular fibrosis throughout both lungs consistent with occupational pneumoconiosis. Based on the OP Board's findings, the claims administrator denied Mrs. Ash's request for dependent's benefits on December 17, 2018.

The OP Board testified in a January 9, 2019, hearing in Mr. Ash's living impairment claim. Jack Willis, M.D., stated that he reviewed an April 15, 2015, CT scan of Mr. Ash's chest. The

findings were consistent with asbestosis and simple occupational pneumoconiosis. Dr. Kinder agreed with Dr. Willis's opinion and further opined that there was enough evidence to find 50% impairment due to Mr. Ash's occupational dust exposure.

The Office of Judges affirmed the claims administrator's denial of the request for dependent's benefits in its April 20, 2020, Order. It found that the OP Board was not clearly wrong to find that the occupational pneumoconiosis did not materially contribute to Mr. Ash's death. The death certificate indicates he died as a result of nonalcoholic hepatic cirrhosis. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 8, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The standard for granting dependent's benefits is not whether the employee's death was the result of the occupational disease exclusively, but whether the occupational disease contributed in any material degree to the death. *Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 408 S.E.2d 13 (1991). West Virginia Code § 23-4-6a provides that the Office of Judges "shall affirm the decision of the Occupational Pneumoconiosis Board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." Mr. Ash's death certificate indicates he died as a result of nonalcoholic hepatic cirrhosis. While Mr. Ash did suffer from impairment due to occupational pneumoconiosis, there is no indication in the record that the condition materially contributed to his death.

Affirmed.

**ISSUED: January 11, 2022**


**CONCURRED IN BY:**
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**DISQUALIFIED:**

Justice Evan H. Jenkins

3